737 A.2d 701

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. GERALD WALKER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 23, 1999—Decided October 7, 1999.

Before Judges KLEINER, PAUL G. LEVY and LEFELT.

*Ivelisse Torres*, Public Defender, attorney for appellant (*William Welaj*, Esq., Designated Counsel, of counsel and on the brief).

*John J. Farmer, Jr.*, Attorney General of New Jersey, attorney for plaintiff-respondent (*Michael J. Williams*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by:

**PAUL G. LEVY, J.A.D.**

Defendant was convicted of aggravated sexual assault, in violation of *N.J.S.A.* 2C:14–2a (Count One); two counts of second degree sexual assault committed upon a victim less than thirteen years of age, in violation of *N.J.S.A.* 2C:14–2b (Counts Two and Three); and endangering the welfare of a child contrary to *N.J.S.A.* 2C:24–4a (Count Four). He was sentenced to serve an aggregate term of thirty years imprisonment with fifteen years parole ineligibility, consisting of a twenty year term with ten years of parole ineligibility for Count One, a consecutive ten year term with five years of parole ineligibility on Count Two, a concurrent ten year term of imprisonment with five years of parole ineligibility on Count Three and a concurrent five year sentence with two-and-a-half years of parole ineligibility on Count Four. Appropriate fines and fees were also imposed.

On appeal, defendant contends:

POINT I    THE TRIAL COURT ERRED BY DENYING DEFENSE COUNSEL'S REQUEST FOR A BRIEF CONTINUANCE TO PERMIT A DEFENSE EXPERT'S EXAMINATION OF THE VICTIM TO DETERMINE HIS COMPETENCY TO TESTIFY AFTER THE COURT HAD PREVIOUSLY CONCLUDED THAT AN EXPERT'S EVALUATION OF THE VICTIM TO ASSESS HIS COMPETENCY WAS WARRANTED.

POINT II    THE PROSECUTOR'S SUMMATION EXCEEDED THE BOUNDS OF PROPRIETY BY INFERENTIALLY COMMENTING UPON THE DEFENDANT'S FIFTH AMENDMENT PRIVILEGE. (NOT RAISED BELOW)

POINT III    THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT'S ONLY PRIOR CONVICTION 14 YEARS PRIOR TO TRIAL WAS ADMISSIBLE TO ATTACK CREDIBILITY.

POINT IV    THE TRIAL COURT ERRED IN DENYING DEFENSE COUNSEL'S MOTION FOR A MISTRIAL BASED UPON THE TRIAL COURT'S CONDUCT TOWARDS COUNSEL.

POINT V    THE SENTENCE IMPOSED WAS MANIFESTLY EXCESSIVE.

Defendant lived with the victim, J.H., and the victim's mother, E.G., from November 1987 through May 1988. During this time period, Defendant repeatedly sexually assaulted J.H. J.H. was in a special education school program at the time, and this was known to defendant. Defendant often warned J.H. that if he told any-

body about these attacks, defendant would do something "very severe" to J.H. and his mother, E.G. Defendant stopped living with J.H. and E.G., but J.H. still did not reveal the abuse to anybody. When E.G. married D.G. in August of 1988, she, D.G. and J.H. began living together. In April 1989, J.H. approached D.G., who he referred to as "Dad," and revealed the course of sexual abuse he had endured while living with defendant.

Prior to trial, the judge conducted extensive hearings, provided both parties sufficient time to conduct their own investigations and closely examined the subject of whether J.H. was competent to testify. After the State presented the testimony of J.H. at the hearing concerning his competency, defense counsel requested that the court permit a psychiatric evaluation of J.W. as allowed under *State v. R.W.*, 104 *N.J.* 14, 514 *A.2d* 1287 (1986), to determine the child's competency to testify. The judge suggested that there be an independent expert with both parties sharing the cost. Defense counsel demurred and later advised that he could not share the cost due to new budgetary restrictions within the Office of the Public Defender.

The hearing was adjourned, and when reconvened in September 1991, defendant sought another continuance in order to retain a psychiatrist to examine J.H. The judge denied that request and, instead, considered the earlier testimony of J.H. and a report from his treating psychiatrist, Sydney Savage, which indicated that J.H. was competent to testify. J.H. showed he understood the difference between right and wrong and that telling lies was "wrong." He also distinguished between "good" and "bad" drugs. J.H. knew that to tell the truth was "right" and that he would be punished if he failed to do so.

We infer from comments made later during the trial that the judge decided at the September hearing that J.H. was competent to testify. Three months later, at pretrial proceedings, defendant brought a psychiatrist to court and requested another adjournment in order to allow the psychiatrist to examine J.H. That was denied and the judge expressly found, given all the information

with which he had been presented, there was no need for an expert and J.H. was competent to testify. *N.J.R.E.* 601 (formerly *Evid. R.* 7 and 17).

The general rule is that every person is qualified to testify, as long as they are competent to do so. *State v. R.W.,* 104 *N.J.* 14, 19, 514 *A.*2d 1287 (1986). The determination of competency to testify lies in the sound discretion of the trial court. *Ibid.* Of paramount importance is the court's determination that the witness possesses "a solemn commitment to speak the truth" on pain of being punished. *State in the Interest of R.R.,* 79 *N.J.* 97, 109, 398 *A.*2d 76 (1979). A potential witness may meet this standard even if not entirely of sound mind so long as the witness has "sufficient capacity to observe, recollect and communicate with respect to the matters about which [the person is] called to testify." *State v. Butler,* 27 *N.J.* 560, 602, 143 *A.*2d 530 (1958).

These tests do not change when assessing a juvenile. *State v. R.W., supra,* 104 *N.J.* at 20, 514 *A.*2d 1287. A juvenile should be permitted to testify if that juvenile manifests an intention to tell the truth out of fear of any form of punishment and can be sufficiently expressive to be understood by the judge and jury. *Ibid.* In making this determination, the trial judge should ensure that the juvenile has the moral responsibility or consciousness of duty to tell the truth.

> So long as the child understands (a) the difference between right and wrong; (b) that to tell the truth is "right"; and (c) that he will be punished in some way should he lie to the court, this requirement is satisfied.
>
> [*State in the Interest of R.R., supra,* 79 *N.J.* at 113, 398 *A.*2d 76.]

J.H. met this test in that he understood that to tell the truth was "right" and that he would be punished if he failed to do so.

Defendant argues that a further continuance should have been granted to enable a psychiatrist to examine and comment on J.H.'s competency. When a witness's competency is called into question, the trial judge must investigate that witness's qualifications. *State v. Grossmick,* 153 *N.J.Super.* 190, 192, 379 *A.*2d 454 (App.Div.1976), *aff'd. o.b.,* 75 *N.J.* 48, 379 *A.*2d 453 (1977).

This competency determination lies within the sound discretion of the trial judge and will not be disturbed unless it plainly lacks support on the record. *State in the Interest of R.R., supra,* 79 *N.J.* at 113, 398 *A.2d* 76.

The trial judge gave the defendant an opportunity to engage an expert to comment on J.H.'s competency eight months before the trial started. Defendant failed to produce an expert to examine J.H. until the morning of trial and then wanted another adjournment. In the alternative, defendant wanted J.H. subjected to a psychiatrist's evaluation at the courthouse, right before the trial actually began. This would have been extremely stressful for the child and recognizing that psychiatric evaluations are an extraordinary measure, the trial judge refused to permit the examination.

Instead, the judge relied on his observations of J.H. at the voir dire during pretrial motions and upon the report prepared by J.H.'s treating psychiatrist. The trial judge did not abuse his discretion when he determined that J.H. was competent to testify and thus did not commit reversible error. It is important to note that, while the defendant contends he was prejudiced by not having more than eight months to obtain his own expert report, he does not discuss any reasons for his claim that J.H. was not a competent witness even after J.H. was twice put on the stand and subjected to lengthy cross-examination. Even now, defendant fails to advance any evidence "reasonably indicating something ... that would influence the witness's competence or the court's ability to assess that competence." *State v. R.W., supra,* 104 *N.J.* at 22–23, 514 *A.2d* 1287. Thus we conclude there was no error in determining that J.H. was competent to testify at trial.

We have reviewed the entire record and the briefs submitted on appeal with respect to the remaining points raised by defendant, but we conclude they are without merit and do not warrant discussion in a written opinion. *R.* 2:11–3(e)(2).

Affirmed.